*Decision will be entered under Rule 50.*

SAWYER MILLING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

E. B. SAWYER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

N. B. SAWYER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

N. B. SAWYER, EXECUTOR, ESTATE OF H. A. SAWYER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 20924, 24485, 24987, 24988. Promulgated August 27, 1929.

*H. L. Washington, Esq.*, and *Ray G. Ransom, C. P. A.*, for the petitioners.

*Arthur H. Murray, Esq.*, for the respondent.

OPINION.

LANSDON: The parties herein have stipulated that the Sawyer Milling Co. acquired certain tangible depreciable property at certain dates and costs; that such property was almost totally destroyed by fire in 1922; that the salvage value of the undestroyed property was $2,345.12; that the Sawyer Milling Co. received insurance money on account of such destruction in the amount of $69,000; that such company sustained a net operating loss in 1921 in the amount of $16,249.84, which is allowable as a deduction from its gross income for 1922; that exclusive of the gain or loss resulting from the receipt of $69,000 from certain insurance companies in 1922 it sustained a net operating loss in such year in the amount of $20,755.60; and that each of the petitioners in Docket Nos. 24485, 24987, and 24988 is liable as the transferee of the assets of the Sawyer Milling Co. for any additional tax due the Government by that company for the year 1922. It remains, therefore, only for the Board to determine the gain, if any, realized by the Sawyer Milling Co. from the receipt of the proceeds of the insurance policies which it collected in the taxable year, and this question is narrowed by the stipulation to a mere computation of the accrued depreciation sustained upon the tangible property of such company prior to the destruction thereof by fire. All the data for such computation, except the useful life of the property in question, is stipulated in express terms. We have found from the evidence that the buildings and machinery in question had a useful life of 40 years and 20 years, respectively. The income of the Sawyer Milling Co. for 1922 and the additional tax due should be recomputed in conformity with the stipulation and our findings of the useful life of the tangible property destroyed by fire.

Each of the petitioners in Docket Nos. 24485, 24987, and 24988 has by stipulation admitted his liability for any tax found to be due the Government on account of the income of the Sawyer Milling Co. for the year 1922. Any tax found upon recomputation to be due by such company for the year 1922 may be assessed against each of such petitioners, but not in an amount greater than the value of the assets received by transfer from the taxpayer. *Grand Rapids National Bank*, 15 B. T. A. 1166.

*Decision will be entered under Rule 50.*